MARGARET SINGLETON, Plaintiff, *v.* JOSEPH W. HARRIMAN and Another, Defendants.*

Supreme Court, New York County, May 26, 1933.

*Niles & Johnson* [*Henry B. Johnson* of counsel], for the plaintiff.

*Rushmore, Bisbee & Stern* [*George N. Hamlin* and *Abraham Freedman* of counsel], for the defendant Harriman National Bank.

*Kraus & Davies* [*John R. Davies* of counsel], for the defendant Joseph W. Harriman.

SHIENTAG, J. The judgment of the court is as follows:

(1) The stock was purchased by plaintiff in reliance upon false and fraudulent representations concerning the bid and asked prices.

---

* Affd., 241 App. Div. 857.

Instead of a *bona fide* market for the stock, the price was artificially maintained and known so to be by the officers making the misrepresentations.

(2) The defendant bank is liable for the false representations made by its president. Having acquired the stock, the bank acted within its lawful powers in disposing of it. (*Lantry* v. *Wallace*, 182 U. S. 536.) The bank is liable for the false representations made by the officer who was authorized to sell the stock on its behalf.

(3) The stock was purchased for investment. The plan was to induce depositors to purchase the stock and hold it for investment; otherwise the fraudulent scheme would have failed of its purpose. When the plaintiff depositor purchased the stock she was urged to retain it as an investment. On the measure of damages, therefore, the case falls within the rule laid down in *Hotaling* v. *Leach & Co., Inc.* (126 Misc. 845; affd., 247 N. Y. 84).

(4) On May 20, 1932, plaintiff delivered the stock to the bank with instructions to sell. If the defendants had followed her instructions the loss could have been minimized. The failure to do so was part of the scheme to defraud the depositor purchasers. In June, 1932, plaintiff discovered for the first time the fraud that was perpetrated upon her. At that time she could have obtained $200 a share in the market. She, therefore, is entitled to judgment against both defendants in the sum of $2,624, with interest, which sum represents the difference between the amount she could have obtained had she sold the stock upon learning of the fraud and the sum she paid for the stock. The motion to amend the pleadings to conform to the proof is granted. The defendants have failed to avail themselves of the opportunity they were given to furnish additional testimony in the light of the amendment allowed. Verdict is directed accordingly. Twenty days' stay of execution; thirty days to make a case. Settle order.